UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LEDEZMA,<br><br>    Plaintiff,<br><br>  v.<br><br>OPTUM SERVICES, INC.,<br><br>    Defendant. | Case No. 23-cv-06691-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

  Optum's motion to dismiss is granted.

  Ledezma's Title VII claim is barred by the statute of limitations. As shown by Exhibit A to Optum's Request for Judicial Notice (which is granted), Ledezma received her right-to-sue notice from the EEOC on March 1, 2023, but waited more than ninety days—until November 13, 2023—to file this suit. *See* 42 U.S.C. § 2000e-5(f)(1); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997).

  Ledezma's FEHA claim is timely because she filed suit within one year of receiving her right-to-sue notice from the California Civil Rights Department. *See* Cal. Gov't Code § 12965; *see also Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal. 4th 665, 682 n.5 (2010). But her complaint fails to explain what her sincerely held religious belief is or how it conflicts with Optum's requirement that she be vaccinated against Covid-19. Without this information, she has failed to state a prima facie claim of a failure to accommodate her religion under the FEHA. *See Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023).

  Because Ledezma does not dispute that she filed suit more than 90 days after receiving her right-to-sue notice from the EEOC, and because she offers no argument for why that does not

bar her Title VII claim, dismissal of this cause of action is with prejudice. Otherwise, dismissal is with leave to amend. Any amended complaint is due within 14 days and any response is due 14 days after that.

**IT IS SO ORDERED.**

Dated: February 21, 2024

_____
VINCE CHHABRIA
United States District Judge