UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA LEDEZMA,

          Plaintiff,

    v.

OPTUM SERVICES, INC.,

          Defendant.

Case No.  23-cv-06691-VC

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 40

Optum's motion for summary judgment is granted.

A practicing Catholic, Ledezma believes that her "body is a temple of the Holy Spirit and [she] has to take care of it." Dkt. No. 40-3, Exh. A to Sallomi Decl., Depo. of Maria Ledezma 106:22–25. The source of this belief is her reading of the Bible, and the way she interprets the Bible is that she, "the person, can make th[e] decision" about what would harm her body. *Id.* at 112:15–25. In her words, "it's just having the self-autonomy and deciding on what's best." *Id.* at 112:21–25. She practices this belief by taking care of her body "in a [ ] holistic way" and "lessen[ing] the harm" to her body, including by avoiding "allopathic treatments or medications." *Id.* at 107:4–16. As to the COVID-19 vaccine, Ledezma believes that, because the vaccine is harmful and a foreign substance, taking the vaccine would be against those beliefs. *Id.* at 111:7–23.

This evidence is insufficient to establish a genuine issue of material fact on whether Ledezma's belief *as to the vaccine* is religious in nature. While Ledezma cites Bible verses that discuss the body as a temple, she cites no evidence that her belief about the vaccine—that the vaccine is harmful and is the type of foreign substance that should not enter the temple of her

body—is itself religious. *See Petermann v. Aspirus, Inc.*, No. 22-CV-332-JDP, 2023 WL 2662899, at *2 (W.D. Wis. Mar. 28, 2023) ("The important question isn't whether an employee has a religious belief not to mistreat her body; the question is whether the employee's belief that the vaccine qualifies as mistreatment is itself based in religion."). Instead, the source of her belief on the safety and foreign nature of the vaccine is her right to self-autonomy, which is the religious belief that she derived from her reading of the Bible. *Id.* at 112:15–20 ("The way I interpret—interpret the scriptures is that you, the person, can make that decision. You have autonomy over your body and you are to decide what's good for you and what's not for you."). But Ledezma's interpretation of the Bible to grant her full authority to decide what she should and shouldn't do to her body is the type of "blanket privilege" that does not suffice as a bona fide religious belief. *Medrano v. Kaiser Permanente*, No. 8:23-CV-02501-DOC-ADSX, 2024 WL 3383704, at *4 (C.D. Cal. July 10, 2024). Other courts have similarly dismissed claims for failure to provide religious accommodations where the alleged religious belief amounted to a "limitless excuse for avoiding all unwanted . . . obligations." *See Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Penn. 2022) (alteration in original) (quoting *Africa v. Pennsylvania*, 662 F.2d 1025, 1030–31 (3rd Cir. 1981)). And Ledezma's practice of protecting the temple of her body by not introducing harmful substances is at its core a secular belief: a concern that the vaccine is antithetical to her body as a temple is a belief that the vaccine would "do more harm than good." *Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487, 492 (3d Cir. 2017).

At argument, Ledezma's counsel asserted that Optum should be equitably estopped from arguing that Ledezma's asserted belief is not religious in nature, because Optum, in denying her request for a religious accommodation, told her that "[w]ith respects to the denial of your exception request, we accepted as true the sincerity of your religious beliefs and your explanation of why those beliefs prevented you from getting vaccinated." Dkt. No. 40-6, Exh. D to Sallomi Decl., at OPTUM000319. Optum instead denied her request on the ground that providing a religious exemption would be an undue hardship for Optum. *Id.* at OPTUM000319–

2

20. Because Ledezma did not make any sort of equitable estoppel argument in her papers, that argument is forfeited. But even if it were not, Ledezma's counsel did not explain at argument how she could establish the elements of equitable estoppel. *See Simmons v. Ghaderi*, 44 Cal. 4th 570, 584 (2008). For instance, counsel provided no information on whether and how Ledezma relied on Optum's statement. Certainly, at deposition, Ledezma had every opportunity to explain why her belief was religious—and thus every opportunity to create a genuine question of fact on that issue. Nor did counsel explain how he himself relied on Optum's statements.[1]

Finally, Ledezma argues that, under Federal Rule of Civil Procedure Rule 56(d), the Court should deny the motion for summary judgment due to the unavailability of Optum's person most knowledgeable as to the development of Optum's vaccination policy. Because the sought-after evidence goes to undue burden, an issue that is not essential to the disposition of this motion, Ledezma's Rule 56(d) request is denied.

**IT IS SO ORDERED.**

Dated: January 29, 2025

VINCE CHHABRIA
United States District Judge

---

[1] Perhaps this is overly picky, but Optum did not exactly say that it was accepting the idea that Ledezma's belief was *religious*. Rather, the company seemed to be saying that it accepted the idea that her belief was *sincere*. That distinction is also at the heart of this ruling. Nobody is questioning the sincerity of Ledezma's belief about the vaccine. It's just that the belief—that the vaccine is bad for you—could not be found by a jury to be religious, at least based on the evidence in this summary judgment record. In any event, even if Optum had clearly told Ledezma that it was accepting her assertion that her belief was a religious one, that would not have precluded Optum from later challenging that notion in response to a lawsuit filed against it.